Joseph L. Oliva, Esq., State Bar No. 113889
Matthew L. Cookson, Esq., State Bar No. 219150
OLIVA & ASSOCIATES ALC
11770 Bernardo Plaza Court, Suite 350
San Diego, California 92128
Telephone: (858) 385-0491
Facsimile: (858) 385-0499

Attorneys for Plaintiff,
RCR PLUMBING AND MECHANICAL,
INC. fka AMPAM RCR COMPANIES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RCR PLUMBING AND MECHANICAL, INC. fka AMPAM RCR COMPANIES,<br><br>Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY, and<br>ESIS, INC.<br><br>Defendants. | CASE NO. 5:10-cv-00995-VAP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT SERVICE**<br><br>Date: April 25, 2011<br>Time: 2:00 p.m.<br>Courtroom: 2<br><br>Judge: Hon. Virginia A. Phillips |

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................. 1

II. SUMMARY OF FACTS ................................................................................. 2

    A.    Filing Of Initial Complaint And Courtesy Copy To ACE And ESIS ............. 2

    B.    This Court Granted Plaintiff's Unopposed Motion For Extension Of Time ............. 2

    C.    Plaintiff Filed A First Amended Complaint, Which Was Served On Both Defendants With A Summons In A Timely Manner ............. 3

    D.    Counsel For Defendants Omitted Selected Communications In Setting Forth Its Meet And Confer Process ............. 5

III. ARGUMENT .................................................................................................. 6

    A.    Service Was Properly Made On Both ACE and ESIS In A Timely Manner ............. 6

    B.    RCR Was Obligated To Serve The First Amended Complaint, But The Summons Did Not Have To Identify An Amended Complaint ............. 8

    C.    The Summons Did Not Expire Per The Court Granting Plaintiff's Unopposed Motion To Extend Time To Serve ............. 10

    D.    Regardless, There Was Good Cause Supporting The Court's Granting Of The Motion, Even After The Original Service Date Expired ............. 11

    E.    Defendants Cannot Add Any New Issues In Reply To This Opposition ............. 13

IV. CONCLUSION .............................................................................................. 13

# TABLE OF AUTHORITIES

## Cases

Archdale v. American Int'l Specialty Lines Ins. Co.
  (2007) 154 Cal.App.4th 449........................................................................ 12

Benny v. Pipes, 799 F.2d 489, 492
  (9th Cir.1986) ............................................................................................... 7

Bogle v. McClure,
  (11th Cir.2003) 332 F.3d 1347 ................................................................... 11

De Tie v. Orange Cty.
  (9th Cir.1998) 152 F.3d 1109, 1111 n. 5 ................................................... 12

Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.
  (9th Cir. 1988) 840 F.2d 685 .................................................................. 6, 7

Doe v. Unocal Corp.
  (C.D. Cal. 1998) 27 F.Supp.2d 1174 ........................................................ 1, 9

Echevarria v. Department of Correctional Services of N.Y. City
  (S.D. N.Y. 1999) 48 F.Supp.2d 388 ........................................................... 12

Henderson v. United States
  (1996) 517 U.S. 654 ................................................................................ 2, 11

International Controls Corp. v. Vesco
  (2nd Cir. 1977) 566 F.2d 665 .................................................................... 1, 9

Mann v. American Airlines
  (9th Cir. 2003) 324 F.3d 1088 ........................................................... 2, 11, 12

MCI Telecommunications Corp. v. Teleconcepts, Inc.
  (3rd Cir. 1995) 71 F.3d 1086 ...................................................................... 11

Nanyonga v. I.N.S.
  (MD Pa. 2001) 200 F.R.D. 503 .................................................................. 12

Phillips v. Murchison
  (S.D.N.Y. 1961) 194 F.Supp. 620 ......................................................... 1, 8, 9

Rhoades v. Avon Products, Inc.,
  (9th Cir. 2007) 504 F.3d 1151 .................................................................... 10

Television Signal Corp. v. City and County of San Francisco
  (N.D. Cal. 2000) 193 F.R.D. 645 ............................................................... 12

Thompson v. Commissioner
  (9th Cir.1980) 631 F.2d 642, *cert. denied,* (1981) 452 U.S. 961 ............... 13

U.S. v. Birtle
  (9th Cir. 1986) 792 F.2d 846 ...................................................................... 13

United Food & Commercial Workers Union v. Alpha Beta Co.
    (9th Cir.1984) 736 F.2d 1371, 1382 .................................................................... 6

United States v. McLaughlin (7th Cir. 2006) 470 F.3d 698 ........................................... 2, 11

**Statutes**

Federal Rule of Appellate Procedure 28 ............................................................................ 14

Federal Rule of Civil Procedure 4 ....................................................................................... 6

Federal Rule of Civil Procedure 6 ..................................................................................... 11

Federal Rule of Civil Procedure 15 ..................................................................................... 2

Federal Rule of Evidence 408 ........................................................................................... 11

**Rules**

Rule 12(b)(6) ........................................................................................................................ 4

Plaintiff, RCR PLUMBING AND MECHANICAL, INC. fka AMPAM RCR COMPANIES respectfully submits the following memorandum of points and authorities in support of its opposition to the motion to dismiss for insufficient service filed by Defendants, ACE AMERICAN INSURANCE COMPANY ("ACE") and ESIS, Inc. ("ESIS").

## I.

## INTRODUCTION

Plaintiff substantially complied with FRCP 4 by serving separate operative complaints and summons with all necessary information on the "agent authorized by appointment or by law to receive service of process" for each Defendant. In proofs of service for ACE (**Exhibit "A"**) and ESIS (**Exhibit "B"**) the process server declared under oath that ACE and ESIS were each served with "**SUMMONS; FIRST AMENDED COMPLAINT; CERTIFICATION AND NOTICE OF INTERESTED PARTIES; NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**" through Margaret Wilson a person authorized to accept service on March 4, 2011 at 2:50 PM. This is within the extension of service granted by the Court on December 16, 2010 to the **unopposed** motion to extend filed by Plaintiff, which had been served on ACE and ESIS through their Assistant General Counsel, Saverio Rocca. **Mr. Rocca expressly advised on December 1, 2010 that ACE and ESIS would not oppose the relief sought by Plaintiff to extend time to serve the complaint.**

Under FRCP 4(a), a summons is not required to identify whether the complaint being served with it is amended or not. Since Plaintiff's First Amended Complaint had been filed before ACE and ESIS were served with the original complaint, Plaintiff was **obligated** to serve the First Amended Complaint, since that was the operative complaint, and the original complaint had been superseded prior to service. Phillips v. Murchison (S.D.N.Y. 1961) 194 F.Supp. 620, 621-622. See also, International Controls Corp. v. Vesco (2nd Cir. 1977) 566 F.2d 665, 669, fn. 4., and Doe v. Unocal Corp. (C.D. Cal. 1998) 27 F.Supp.2d 1174, 1180. Plaintiff was permitted to amend its complaint once "as a matter of course" without leave of court at any time between the filing the initial complaint through up to twenty-one days after

service of a responsive pleading. Federal Rules of Civil Procedure 15(a)(1). The fact that the original summons was served with the amended complaint has no bearing on the propriety of service, given the Court's extension of time to serve the original summons.

ACE and ESIS may not now challenge Plaintiff's motion for extension of time, which had been served on their Assistant General Counsel, who advised that ACE and ESIS would not be opposing the motion. Thus, ACE and ESIS waived their rights to challenge Plaintiff's motion to extend time.

Regardless, the Court has already found "good cause" for the delay in service and provided an extension under FRCP 4(m). Henderson v. United States (1996) 517 U.S. 654, 662-663. Since a court may grant an extension of the period **even after the expiration of the 120-day period to serve a complaint**, absent prejudice to defendant or anyone else, **it "cannot be an abuse of discretion" to extend the time for service even after expiration of the 120-day period**. (Emphasis added.) United States v. McLaughlin (7th Cir. 2006) 470 F.3d 698, 701; see also Mann v. American Airlines (9th Cir. 2003) 324 F.3d 1088, 1090.

## II.

## SUMMARY OF FACTS

### A. Filing Of Initial Complaint And Courtesy Copy To ACE And ESIS

On July 7, 2010, RCR filed a Complaint in this Court against Defendants, ACE and ESIS. The Complaint included causes of action for Conversion, Breach of Written Contract – Policies, Breach of Oral Contract – Claims Handling, Breach of the Implied Covenant of Good Faith and Fair Dealing – Policies, Professional Negligence, and Declaratory Relief. A courtesy copy of this Complaint was provided to ACE and ESIS on the same day it was filed, July 7, 2010. (**Exhibit "C"**, July 7, 2010 E-Mail) Notwithstanding the fact that a courtesy copy of the Complaint was provided to Defendants, they were never officially served with the Complaint, until after it was amended in March 2011.

### B. This Court Granted Plaintiff's Unopposed Motion For Extension Of Time

On November 17, 2010 Plaintiff filed a motion to extend time period for service of complaint (**Exhibit "D"**, motion to extend time and memorandum in support, without

2

exhibits). This motion, along with all supporting papers and exhibits, were mail served on November 17, 2010 to both Saverio Rocca, Assistant General Counsel for ACE Group and CT Corporation System, authorized agent for service of process for both ACE and ESIS. (**Exhibit "E"**, certificate of service)

On December 1, 2010, Mr. Rocca sent counsel for Plaintiff an e-mail concerning the motion to extend time. This e-mail stated in pertinent part:

> We understand that you have filed a Notice Of Motion And Motion To Extend Time Period For Service Of Complaint ("Motion"). Since ACE American Insurance Company (ACE) and ESIS, Inc. have not been served with process in this case, they will not enter an appearance at this time or otherwise respond to the Motion. While we disagree with certain statements made in the Motion, we do not oppose the relief requested therein, namely, a court order to extend time to serve the Complaint so that settlement discussions can continue. (**Exhibit "F"**, December 1, 2010 E-mail.)

Thus, ACE and ESIS confirmed receipt of the motion to extend time, and acknowledged that they would "**not oppose the relief requested therein**"

Consistent with the e-mail from ACE and ESIS, they did not file an opposition to Plaintiff's motion for extension of time. This Court granted the motion on December 16, 2010, ordering the Plaintiff to serve its complaint by March 4, 2011. (**Exhibit "G"**, December 16, 2010 minute order) Significantly, there was nothing in the Court's order limiting Plaintiff's right to amend the complaint once pursuant to FRCP 15. (**Exhibit "G"**, December 16, 2010 minute order).

C. **Plaintiff Filed A First Amended Complaint, Which Was Served On Both Defendants With A Summons In A Timely Manner**

On or about March 3, 2011, Plaintiff filed a First Amended Complaint with this Court in person. Prior to filing the First Amended Complaint, neither ACE nor ESIS had been served with the original complaint.

Proofs of service were filed with this Court confirming service of the First Amended Complaint and a summons to each Defendant, ACE and ESIS. (**Exhibits "A" and "B"**) **Exhibit "A"** stated that ACE was served with a "**SUMMONS; FIRST AMENDED COMPLAINT; CERTIFICATION AND NOTICE OF INTERESTED PARTIES;**

3

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**" on "Margaret Wilson – Person Authorized to Accept" on March 4, 2011 at 2:50 PM. The Summons and First Amended Complaint was served on ACE through Margaret Wilson at CT Corporation System at 818 West 7th Street, Los Angeles, CA 90017, authorized agent for service of process for ACE.

Similarly, **Exhibit "B"** stated that ESIS was served with a "**SUMMONS; FIRST AMENDED COMPLAINT; CERTIFICATION AND NOTICE OF INTERESTED PARTIES; NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**" on "Margaret Wilson – Person Authorized to Accept" on March 4, 2011 at 2:50 PM. The Summons and First Amended Complaint was served on ESIS through Margaret Wilson at CT Corporation System at 818 West 7th Street, Los Angeles, CA 90017, authorized agent for service of process for ESIS.

Henry Flores, which has worked at American Messenger Service Inc. for twelve years, signed each proof of service under oath. The summons that was served on ACE referenced in **Exhibit "A"** and the summons served on ESIS referenced in **Exhibit "B"** would have named the court in which the action was at issue, would have named the parties in the action, would have been directed to each Defendant, would have stated the name and address of plaintiff RCR's attorney, stated the time within which each Defendant was required to appear and defend, notified each Defendant that a failure to appear and defend would result in a default judgment against ACE for the relief demanded in the complaint, would have been signed by the clerk, and would bear the court's seal.

Pursuant to his normal course of business as a twelve year process server, before serving Defendants Henry Flores confirmed with the California Secretary of State website that the agent for service for both ACE and ESIS was CT Corporation System at 818 West 7th Street, Los Angeles, CA 90017. (**Exhibit "L"**, ACE business entity detail, **Exhibit "M"**, ESIS business entity detail) In addition, Henry Flores has known Margaret Wilson has worked for CT Corporation for at least the entire twelve years he has worked at American Messenger service. Consistent with the proofs of service, Henry Flores in fact served ACE

1  and ESIS with a summons and the operative complaint on March 4, 2011 at 2:50 PM their
2  shared agent for service of process, CT Corporation System, via Margaret Wilson.

### D. Counsel For Defendants Omitted Selected Communications In Setting Forth Its Meet And Confer Process

Counsel for ACE and ESIS first asked for a thirty-day extension "to answer, move, or otherwise plead to the Amended Complaint, including but not limited to the time to move to compel arbitration" on March 14, 2011. (**Exhibit "H"**, March 14, 2011 e-mail exchange) RCR agreed to a thirty day extension only to allow ACE and ESIS to file an answer to the First Amended Complaint, but would not extend time to file a motion to compel arbitration, "given that arbitration of the bad faith claims in RCR's action is inconsistent with California law." (**Exhibit "H"**, March 14, 2011 e-mail exchange)

Defendants did not accept the conditional extension proposed by RCR, asking again on March 15, 2011 for an extension as a "professional courtesy", because counsel had "to be out of the country at the end of next week to give several speeches", making the March 25, 2011 deadline "problematic". (**Exhibit "I"**, March 15-16, 2011 e-mail exchange) RCR responded on March 16, reiterating that RCR was only willing to provide an extension for defendants to answer the amended complaint only. (**Exhibit "I"**, March 15-16, 2011 e-mail exchange) In addition, ACE and ESIS could preserve the arbitration issue as an affirmative defense in the answer, and file an appropriate motion at a later time, since there were many issues beyond the scope of arbitration.

Notwithstanding the fact that RCR had no obligation to provide an extension to ACE and ESIS for anything, the Defendants did not accept the extension offer and scheduled a meet and confer phone call for March 18, 2011 at 11:00 AM. Prior to the meet and confer call, RCR sent an e-mail to Defendants outlining the reasons RCR was not willing to provide an extension for Defendants to file a motion to compel arbitration. (**Exhibit "J"**, March 18, 2011, 9:09 AM e-mail) These reasons included that a determination could take too long, that Defendants' bad faith course of conduct is beyond the scope of arbitration, for judicial economy, but RCR would not consider the issue waived if Defendants raised the defense in

their answer to the amended complaint.

Curiously, RCR's March 18, 9:09 AM, pre-phone call e-mail was not included as part of the e-mail exchange attached as Exhibit F to Defendants' motion to dismiss, even though that exhibit included e-mails between the parties preceding RCR's e-mail and included Defendant's March 18, 11:46 AM e-mail, which was after the call.

RCR responded to Defendants' post-phone call e-mail. (**Exhibit "K"**, March 18, 2011, 1:32 PM e-mail) RCR clarified that it had not totally refused to permit an extension, but rather that any such extension would be limited to filing an answer only, as the case involved issues not subject to arbitration. In response to their request for any information that the service was proper, RCR stated that the proofs of service show ACE and ESIS were both served with the operative complaint and a summons on March 4, 2011.

The March 18 phone call was the first time Defendants claimed that the service of the complaint was defective. Defense counsel never even suggested that the service of the First Amended Complaint on his clients was in any way improper or insufficient in any communications prior to the March 18, 2011 conference call.

## III.

## ARGUMENT

### A. Service Was Properly Made On Both ACE and ESIS In A Timely Manner

Federal Rule of Civil Procedure 4(h)(1)(B) directs that a corporation "must be served: . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, **or any other agent authorized by appointment** or by law **to receive service of process. . .**" (Emphasis added.)

Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc. (9th Cir. 1988) 840 F.2d 685 ("Direct Mail") cited by Defendants in support of their motion to dismiss provides that FRCP 4:

> "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir.1984). Nonetheless, without substantial compliance with Rule 4 "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction."

6

<u>Benny v. Pipes</u>, 799 F.2d 489, 492 (9th Cir.1986), cert. denied, --- U.S. ----, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987). <u>Direct Mail</u>, 840 F.2d at 688.

The proofs of service signed under oath by Henry Flores reflect that ACE and ESIS were both served with "**SUMMONS; FIRST AMENDED COMPLAINT; CERTIFICATION AND NOTICE OF INTERESTED PARTIES; NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**" on "Margaret Wilson – Person Authorized to Accept" on March 4, 2011 at 2:50 PM at 818 West 7th Street, Los Angeles, CA 90017.

Henry Flores clarified in his supporting declaration that at the time and place of service on March 4, 2011 at 2:50 PM, Margaret Wilson was a long-term employee of CT Corporation System personally known by Henry Flores. Further, the address identified in the proof of service, 818 West 7th Street, Los Angeles, CA 90017, is that of CT Corporation System, as confirmed by Henry Flores and the California secretary of state website.

Nancy Flores of CT Corporation System provided a declaration in support of Defendants' motion to dismiss. However, nowhere in Nancy Flores' declaration does she reference any discussions with Margaret Wilson, who was identified on both proofs of service as the recipient of the service. Given that Ms. Wilson is a long term employee of CT, Nancy Flores could have confirmed with Ms. Wilson that service of the documents identified in the proofs of service was in fact made. There is also no reference to any service, or attempts at service, made on March 4, 2011 at 2:50 PM. Nancy Flores provides no personal knowledge of the service perfected by Henry Flores at CT Corporation System at that time and place.

There is nothing in Nancy Flores' declaration identifying whether CT Corporation System follows any particular procedure in terms of keeping records of all attempts at service made through their office and how such records are kept. There is also nothing indicating what, if any, particular record-keeping procedures were followed on March 4, 2011 with respect to all service attempts made on CT. Therefore, there is no evidence that CT kept records of all service attempts made on a consistent basis. Given this lack of

7

1 evidence as to any consistent record-keeping procedure, Nancy Flores' statements that "CT has no record of having been served with a summons with respect to defendant ESIS, Inc..." is of no evidentiary value and is completely refuted.

Henry Flores served ACE and ESIS, respectively, with a summons and the operative first amended complaint on March 4, 2011 at 2:50 PM through their shared agent for service of process, CT Corporation System, via Margaret Wilson. Given the Court's December 16, 2010 order extending the service date to March 4, 2011, service on both Defendants is timely.

### B. RCR Was Obligated To Serve The First Amended Complaint, But The Summons Did Not Have To Identify An Amended Complaint

Federal Rule of Civil Procedure 4(a)(1) provides "a summons must:

(A) name the court and the parties;

(B) be directed to the defendant;

(C) state the name and address of the plaintiff's attorney or – if unrepresented – of the plaintiff;

(D) state the time within which the defendant must appear and defend;

(E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;

(F) be signed by the clerk; and

(G) bear the court's seal.

There is **nothing** in the federal rules requiring that the summons must identify whether or not the operative complaint being served with the summons is amended or not. Therefore, the fact that the summons served with the operative first amended complaint did not have the "amended complaint" box checked is of no impact on the propriety of the service.

If a complaint in an action has been superseded by an amended complaint, and a defendant has not yet been served with the initial complaint, a plaintiff is **obligated** to serve the amended complaint with a summons. Phillips v. Murchison (S.D.N.Y. 1961) 194

8

F.Supp. 620, 621-622, as clarified by International Controls Corp. v. Vesco (2nd Cir. 1977) 566 F.2d 665, 669, fn. 4:

> In Phillips the original complaint was not served on the defendant until after the amended complaint had been filed; that court held that the amended complaint was the one that had to be served. Here the original complaint was served on Vesco before the amended one was filed. Phillips does not suggest that judgment may not be had on a properly served complaint.

The California Central District Court analyzed Phillips and Vesco in Doe v. Unocal Corp. (C.D. Cal. 1998) 27 F.Supp.2d 1174. Significantly, the Doe court focused on the Vesco holding that "the better rule is to deem the original complaint superseded by an amended pleading only when service of the amended pleading is completed." Doe, 27 F.Supp.2d at 1180. The facts in Doe are slightly different, in that the Doe defendants were served with the original complaint, which was amended after that service. However, in RCR's case, since the First Amended Complaint had been filed before any service had been made on either Defendant of the original complaint, service of the First Amended Complaint with the summons was proper.

FRCP 15(a)(1)(B) provides "a party may amend its pleading once as a matter of course **within**, ...if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." (Emphasis added.) There is no provision requiring the amending party to actually have to wait until a responsive pleading is filed before amending. The amendment can be made at any time between initial filing at 21 days after service of a responsive pleading. RCR opted to amend once as of right prior to initial service.

The summonses served on Defendants referenced in **Exhibits "A"** and **"B"** named the court in which the action was at issue, named the parties in the action, were directed to each Defendant, stated the name and address of Plaintiff's attorney, stated the time within which each Defendant was required to appear and defend, notified each Defendant that a failure to appear and defend would result in a default judgment against ACE for the relief

1  demanded in the complaint, were signed by the clerk, and had the court's seal. Therefore,
2  ACE and ESIS each were served with a summons that complied with FRCP 4(a)(1).

### C. The Summons Did Not Expire Per The Court Granting Plaintiff's Unopposed Motion To Extend Time To Serve

Defendants may not now challenge the court's order extending time for service, because they already had a chance to respond to the motion, and advised that they would **"not oppose the relief requested therein"**

On December 1, 2010, Mr. Rocca sent counsel for Plaintiff an e-mail concerning the motion to extend time. This e-mail stated in pertinent part:

> We understand that you have filed a Notice Of Motion And Motion To Extend Time Period For Service Of Complaint ("Motion"). Since ACE American Insurance Company (ACE) and ESIS, Inc. have not been served with process in this case, they will not enter an appearance at this time or otherwise respond to the Motion. While we disagree with certain statements made in the Motion, we do not oppose the relief requested therein, namely, a court order to extend time to serve the Complaint so that settlement discussions can continue. (**Exhibit "F"**, December 1, 2010 E-mail.)

Defendants will attempt to have the Court disregard this e-mail, because at the top, ACE's counsel stated "CONFIDENTIAL – SETTLEMENT PURPOSES ONLY". A party may not render a communication privileged or confidential merely by placing such language in the communication.

In Rhoades v. Avon Products, Inc., (9th Cir. 2007) 504 F.3d 1151, 1160 the defendant argued that a certain letter should be excluded from evidence because the letter specifically warned it was "written for settlement purposes only and shall not be admissible for any purpose in any legal proceeding." There, the court found that Federal Rule of Evidence 408, which excludes evidence of settlement negotiations, does NOT bar such evidence when it is offered for other purposes. Id. at 1161. Notwithstanding the letter's attempt to claim an absolute privilege, statements made in settlement negotiations are only excludable under the circumstances protected by the Rule. Id. at 1161.

Additionally, in order to establish the confidentiality of an allegedly privileged document, the party asserting the privilege must show that the document was "(1) intended

10

to remain confidential *and* (2) under the circumstances was *reasonably* expected and understood to be confidential." Bogle v. McClure, (11th Cir.2003) 332 F.3d 1347, 1358. Defendants would therefore have to show that it intended the email to be confidential, which would require more than simply including a general notice that the content of the email is confidential.

Here, though the email was labeled as "CONFIDENTIAL – SETTLEMENT PURPOSES ONLY" the content of the email dealt almost exclusively with the fact that ACE received a copy of the motion for extension of time, and that **ACE would not oppose the relief sought therein**. It is therefore unlikely that Rule 408 would apply to exclude the content of the email.

### D. Regardless, There Was Good Cause Supporting The Court's Granting Of The Motion, Even After The Original Service Date Expired

Federal Rule of Civil Procedure 6(b)(1) provides that "for good cause" a court may extend the time by which any act must be done, including without limitation serving a complaint. FRCP 6(b)(1)(B) permits extensions of time "on motion made after the time has expired if the party failed to act because of excusable neglect." Under FRCP 4(m), plaintiffs have 120 days from the filing date to serve a complaint on a defendant. If "good cause" exists for a delay in serving a complaint, a court **must** extend the 120 day period for service. Henderson v. United States (1996) 517 U.S. 654, 662-663.

Even after the expiration of the 120-day period to serve a complaint, courts may grant an extension of the period. Absent prejudice to defendant or anyone else, **it "cannot be an abuse of discretion" to extend the time for service even after expiration of the 120-day period**. (Emphasis added.) United States v. McLaughlin (7th Cir. 2006) 470 F.3d 698, 701; see also Mann v. American Airlines (9th Cir. 2003) 324 F.3d 1088, 1090.

Good cause under FRCP 4(m) is generally equated with "excusable neglect" under FRCP 6(b)(1)(B). MCI Telecommunications Corp. v. Teleconcepts, Inc. (3rd Cir. 1995) 71 F.3d 1086, 1097 ("MCI"). "Good cause" requires "a demonstration of good faith on the part

of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." Nanyonga v. I.N.S. (MD Pa. 2001) 200 F.R.D. 503, 506.

In determining whether good cause exists to extend the time for service, courts consider whether the defendant has been prejudiced by the delay in service, including whether it had actual notice of the claims asserted in the complaint. Feingold v. Hankin (S.D. N.Y. 2003) 269 F.Supp.2d 268, 276. Defendants here have had actual notice of the claims asserted in Plaintiff's Complaint, because they were provided a courtesy copy of the Complaint **the same day it was filed**. Thus, Defendants have not been prejudiced, as they have at all material times had actual notice of the claims against them.

Another factor to consider is whether a plaintiff has moved for an extension of time under FRCP 6(b). Television Signal Corp. v. City and County of San Francisco (N.D. Cal. 2000) 193 F.R.D. 645, 646; Echevarria v. Department of Correctional Services of N.Y. City (S.D. N.Y. 1999) 48 F.Supp.2d 388, 392. This motion satisfies that factor in favor of RCR having good cause to extend the 120-day period.

If denial of an extension of service time will result in a statute of limitations barring re-filing of the action, that will mitigate in favor of allowing the extension. Mann, 324 F.3d at 1090.

> The district court's discretion is not diminished when the statute of limitations would bar re-filing of the suit if the district court decided to dismiss the case instead of grant an extension. To the contrary, the advisory committee notes explicitly contemplate that a district court might use its discretion to grant an extension in that very situation: "Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action." Fed.R.Civ.P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m). See also De Tie v. Orange Cty., 152 F.3d 1109, 1111 n. 5 (9th Cir.1998) (recognizing that an extension may be warranted if the statute of limitations has run) Mann, 324 F.3d at 1090-1091.

A lawsuit including for the tort of the breach of the implied covenant of good faith and fair dealing must be brought within two years. Archdale v. American Int'l Specialty Lines Ins. Co. (2007) 154 Cal.App.4th 449, 467, fn. 19. The July 11, 2008 Bankruptcy Court Enforcement Order validated Plaintiff's position regarding the manner in which Defendants needed to handle claims. Because Plaintiff's bad faith claims are based on this

12

1  Enforcement Order, the claims must be brought within two years of the order. If the original
2  July 7, 2010 complaint been dismissed, Plaintiff's claims arising out of that Enforcement
3  Order would have been time barred.

4        Based upon these facts, the Court found sufficient good cause to support granting an
5  extension to Plaintiffs to serve the Defendants on or before March 4, 2011. Defendants were
6  served on that date with the operative complaint and summons.

7        **E.**    **Defendants Cannot Add Any New Issues In Reply To This Opposition**

8        Federal Rule of Appellate Procedure 28(c) indicates that the filing of a reply brief is
9  discretionary. The purpose of a reply brief is to allow the appellant an opportunity to clarify
10 or reemphasize, in light of the appellee's brief, the issues already raised and argued in his
11 opening brief. Indeed, "[t]he **general rule is that appellants cannot raise a new issue for**
12 **the first time in their reply briefs.**" U.S. v. Birtle (9th Cir. 1986) 792 F.2d 846, 848, citing
13 Thompson v. Commissioner (9th Cir.1980) 631 F.2d 642, 649, *cert. denied,* (1981) 452 U.S.
14 961, 101 S.Ct. 3110.

15 **IV.**
16 **CONCLUSION**

17       Plaintiff has substantially complied with FRCP 4, rendering service proper. Both
18 Defendants were served with a valid, unexpired summons, which included all necessary
19 information under FRCP4(a)(1), along with the operative first amended complaint in a
20 timely manner. For these reasons, Plaintiff respectfully requests that this Court deny
21 Defendants' motion to dismiss.

22 DATED: April 4, 2011                OLIVA & ASSOCIATES, ALC

24                                     By:  */s/ Joseph L. Oliva*
25                                          Joseph L. Oliva, Esq.
                                         Matthew L. Cookson
26                                          Attorneys for Plaintiff,
                                         RCR PLUMBING AND MECHANICAL, INC.
27                                          fka AMPAM RCR COMPANIES